IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-21070

Summary Calendar
_____


ALBERTO J. SANCHEZ, JR.,

Plaintiff-Appellant,

v.

GENERAL GROWTH MANAGEMENT COMPANY,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Southern District of Texas, Houston
(H-95-CV-3795)
_____
January 23, 1998
Before KING, HIGGINBOTHAM, and DAVIS, Circuit Judges.

PER CURIAM:[*]

Plaintiff-appellant Alberto J. Sanchez, Jr., appeals the
district court's grant of summary judgment in favor of the
defendant-appellee, General Growth Management, Inc. ("General
Growth"), in Sanchez's Title VII suit.  Sanchez alleged that
General Growth discriminated against him on the basis of his  race,

_____

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

constructively discharged him and created a hostile work environment. Sanchez also asserted state-law claims for intentional infliction of emotional distress and breach of the covenant of good faith and fair dealing. In a thorough Memorandum and Order of Summary Judgment, the district court set out the requirements for proving each of the claims asserted by Sanchez, reviewed Sanchez's pleadings and the summary judgment evidence offered by both sides and provided reasons for its decision to grant summary judgment in favor of General Growth.

On appeal, Sanchez argues at length that he has provided adequate summary judgment evidence that he was constructively discharged because of his race and that he was the victim of a hostile working environment. As the district court pointed out, however, Sanchez's EEOC charge alleged only discrimination in the acceptance of his resignation, specifically that General Growth accepted his resignation but did not accept the resignation of a white security director. The EEOC charge did not set out a constructive discharge claim or a hostile working environment claim. Having failed to include those claims in his EEOC charge, Sanchez did not exhaust his administrative remedies as to them and the district court correctly concluded that it lacked subject matter jurisdiction over them.

Out of an excess of caution, the district court looked at the summary judgment evidence on Sanchez's constructive discharge and hostile working environment claims and concluded that even if the

court did have jurisdiction over them, Sanchez had failed to satisfy his burden of proof on either claim.  To support a claim for constructive discharge, the working conditions must have been so difficult or unpleasant that a reasonable person in the plaintiff's shoes would have felt compelled to resign.  McKethan v. Texas Farm Bureau, 996 F.2d 734, 741 (5th Cir. 1993).  In support of this claim, Sanchez adduced only vague statements that he had been verbally attacked, belittled and "nick-pick[ed]" by his supervisors, together with his subjective belief that race discrimination was at the root of it all.  The evidence does reflect considerable unpleasantness between Sanchez and his supervisors, but it does not add up to a constructive discharge on the basis of his race.  Nor does the evidence that Sanchez adduced add up to a hostile work environment actionable under Title VII, i.e., a workplace permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of Sanchez's employment and create an abusive working environment.  Sanchez can point to no concrete evidence of racially motivated conduct, only to personality conflicts and strong differences of opinion of the sort that workplaces commonly feature.

As for Sanchez's claim for intentional infliction of emotional distress, on appeal Sanchez points to his high blood pressure and shattered nerves.  As the district court recognized, the level of "outrageous" and "extreme" conduct required to sustain a claim

3

under Texas law for intentional infliction of emotional distress is very high.  It requires conduct "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." <u>Twyman v. Twyman</u>, 855 S.W.2d 619, 621 (Tex. 1993).  The district court correctly held that, as a matter of law, the alleged acts of General Growth and its employees did not meet that test.

The judgment of the district court is AFFIRMED.

4